UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

STEVEN FORD
Individually and on behalf of others similarly situated

    Plaintiff

-vs-

    Case No.
    Hon.
    **CLASS ACTION COMPLAINT**
    **DEMAND FOR JURY TRIAL**

LASCO FORD, INC.,
*aka LASCO FORD OF GRAND BLANC*
*aka LASCO FORD, CHRYSLER*
*previously aka LASCO FORD MERCURY, INC.*
    Defendants.

## COMPLAINT & JURY DEMAND

Plaintiff, Steven Ford, individually and on behalf of others similarly situated, states the following claims for relief:

### Jurisdiction

1. This court has jurisdiction under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and 28 U.S.C. §§ 1331,1337.

### Parties

2. The Plaintiff to this lawsuit is Steven Ford ("Mr. Ford") who resides in Flint, Michigan.

3. The Defendant to this lawsuit is Lasco Ford, Inc. ("Lasco Ford") which is a corporation doing business in Michigan and conducts business under the

registered assumed names of "Lasco Ford, Inc.," "Lasco Ford of Grand Blanc," "Lasco Ford, Chrysler," and previously as "Lasco Ford-Mercury, Inc." which by statute and condition of licensing, may be served through the Michigan Department of State, Compliance Division, 3rd Floor – Treasury Building, 430 W. Allegan Street, Lansing, MI 48918.

## Venue

4. The transactions and occurrences which give rise to this action occurred in Genesee County.

5. Mr. Ford is a citizen of the State of Michigan.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations As To Lasco Ford

7. On or about November 30, 2016, Mr. Ford went to the business place of Lasco Ford for the purpose of purchasing a vehicle.

8. Mr. Ford completed a credit application for a vehicle.

9. Lasco Ford denied credit to Mr. Ford on the terms he requested.

10. Lasco Ford's denial of credit constituted adverse action for purpose of Mr. Ford's credit application under the ECOA.

11. Lasco Ford failed to provide Mr. Ford with a notice of adverse action compliant with the requirements of the ECOA.

12. Lasco Ford violated the adverse action requirements of the ECOA.

## Practices of Lasco Ford

13. It is or was the practice and policy of Lasco Ford to:

    a. Take adverse action for purpose of the ECOA as to consumers without issuing appropriate notices under the ECOA.

    b. Fail to issue adverse action notices when otherwise required under the ECOA.

    c. Fail to maintain records of its compliance with the ECOA.

## Class Allegations

14. Mr. Ford incorporates the preceding allegations by reference.

15. Mr. Ford brings this action on behalf of himself and the class of all other persons similarly situated, pursuant to Fed.R.Civ.P.23.

16. Mr. Ford proposes to represent the following class, initially defined as follows:

    *All consumers in the State of Michigan, excluding the Court, Counsel and their staff, a) who applied for credit to Lasco Ford, as evidenced by inquiries for consumer reports by Lasco Ford b) to whom Lasco Ford did not extend credit on the terms requested, and c) for whom Lasco Ford has no record of an adverse action notice.*

17. The class of persons to be represented are so numerous that joinder of all

members is impractical.

18. The Court and Counsel can identify the proposed members of the class easily from the records of Lasco Ford as a result of the record keeping requirements applicable to automobile dealers in the State of Michigan and the consumer reporting agencies through whom Lasco Ford has made inquiries.

19. The names and addresses of the class members are identifiable through documents that Lasco Ford itself maintains, and the class members may be notified of the pendency of this action by mailed notice.

20. The class claims present common questions of law and fact, including whether:

   a. Lasco Ford is a creditor for purposes of ECOA.

   b. Lasco Ford issued an adverse action notice to Mr. Ford and the class members;

   c. Lasco Ford's standard procedures to issue an adverse action notice were reasonable;

   d. Lasco Ford knowingly and intentionally committed an act in conscious disregard of the rights of the consumer; and

   e. Lasco Ford's conduct constitutes violations of the ECOA.

21. Mr. Ford will fairly and adequately protect the interests of the class,

specifically:

    a. Mr. Ford has no adverse interest to the class.

    b. Mr. Ford has retained counsel who is experienced in handling class actions and litigation under various Federal Consumer Protection Acts.

    c. Mr. Ford's claims are typical of the claims of each class member, as Mr. Ford has suffered similar injuries to the members of the class he seeks to represent through this action.

22. The questions of law or fact common to the members of the class predominate over any questions affecting any individual member.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because no individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Lasco Ford because the claim amounts are likely small and involve statutory damages under the ECOA and FCRA, and because management of these claims will likely present few difficulties.

24. This complaint seeks monetary damages under Fed.R.Civ.P.23(b)(3).

25. Based upon the preceding allegations, the Court may certify this matter as a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Likewise, the Court may certify this matter as a class under Fed.R.Civ.P.

23(b)(2), because Lasco Ford has acted on grounds generally applicable to the class, making equitable injunctive relief with respect to Mr. Ford and the putative class members appropriate.

27. There is no impediment to certification of the class to be represented.

## **Count I – Equal Credit Opportunity Act (Lasco Ford)**

28. Mr. Ford incorporates the preceding allegations by reference.

29. Lasco Ford is a creditor for purpose of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*.

30. Following the receipt of the complete application for credit by Mr. Ford, Lasco Ford was required to make a credit decision within 30 days.

31. Based upon that credit application Lasco Ford denied credit, or alternatively refused to extend credit on substantially similar terms to those applied for by Mr. Ford , or alternatively failed to render its credit decision within 30 days.

32. Mr. Ford did not accept any credit from Lasco Ford.

33. Lasco Ford took adverse action for purposes of the ECOA.

34. Lasco Ford failed to issue the adverse action notice to Mr. Ford which the ECOA requires of users of consumer credit reports who take adverse action.

35. Lasco Ford was otherwise required to provide an adverse action notice to Mr. Ford.

36. Lasco Ford failed to provide an adverse action notice to Mr. Ford.

37. Lasco Ford has inadequate policies or procedures in place to comply with the ECOA's adverse action notice requirement.

38. Lasco Ford has failed to maintain proper records of its credit actions in violation of the ECOA.

39. This failure to issue an adverse action notice constituted a negligent violation of the ECOA, 15 U.S.C. § 1691 by ; alternatively this failure to issue an adverse action notice constituted a willful violation of the ECOA, 15 U.S.C. § 1691 by Lasco Ford .

40. This failure to properly maintain records constituted a negligent violation of the ECOA, 15 U.S.C. § 1691 *et seq.* by Lasco Ford;  alternatively this failure to properly maintain records  constituted a willful violation of the ECOA, 15 U.S.C. § 1691 *et seq.*

41.  Mr. Ford suffered damages by this violation of ECOA.

## Count II – Special Request For Equitable Relief (Lasco Ford)

42. Mr. Ford incorporates the preceding allegations by reference.

43. Lasco Ford failed or refused to put in place mechanisms to comply with the ECOA's adverse action notice requirements.

44. Those requirements serve as the primary means of record keeping to permit both private litigants and governmental entities to determine whether or not Lasco Ford is in compliance with the Act's anti-discrimination purposes.

45. Similarly, the adverse action notice provisions of the ECOA serve an important consumer education function.

46. These salutatory purposes will be completely defeated if Lasco Ford is allowed to continue operating without compliance.

47. Additionally, Lasco Ford will gain an unfair competitive advantage over its competitors if permitted to continue operation without bearing the cost of compliance which are actually born by its market competitors who have complied with the adverse action notice requirements of the ECOA.

48. Accordingly, Mr. Ford requests that the Court enter an appropriate order requiring Lasco Ford to issue notices to the class members and enjoining further violations of the ECOA by Lasco Ford.

## Jury Demand

49. Mr. Ford demands a jury trial in this case.

## **Request For Relief**

Plaintiff, on his own behalf and on behalf of the members of the Class, requests that this Honorable Court grant the following relief:

a. *Certify the proposed Class;*

b. *Appoint Mr. Ford as representative of the Class and the undersigned counsel as counsel for the Class;*

c. *Award Plaintiff and the Class damages, as allowed by law;*

d. *Award Plaintiff and the Class attorneys' fees and costs, as allowed by law and/or equity;*

e. *A declaration that Lasco Ford has violated the ECOA and award injunctive relief to prevent further violations.*

f. *Any other relief as the Court deems necessary, just, and proper.*

Respectfully Submitted,

By:  s/ Ian B. Lyngklip
Ian B. Lyngklip (P47173)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Steven Ford
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Ian@MichiganConsumerLaw.Com

Dated: October 9, 2017