UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN FORD,

    Plaintiff,                                         Civil Action No. 17-CV-13300

vs.                                                     HON. BERNARD A. FRIEDMAN

LASCO FORD, INC.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendant's motion for summary judgment [docket entry 14]. Plaintiff has responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff has brought this action under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et seq. He alleges that on November 30, 2016, he went to defendant's place of business, a Ford dealership in Grand Blanc, Michigan, to purchase a vehicle. Compl. ¶ 7. Plaintiff alleges that he "completed a credit application," that defendant "denied credit . . . on the terms he requested," and that defendant "failed to provide [plaintiff] with a notice of adverse action compliant with the requirements of the ECOA." *Id.* ¶¶ 8, 9, 11. Plaintiff seeks to certify and represent a class of similarly situated consumers. He also seeks damages, costs, attorney fees, and declaratory and injunctive relief.

Defendant acknowledges that under the ECOA a creditor must provide a statement of reasons to a credit applicant against whom adverse action is taken.[1] However, defendant argues that in the present case plaintiff was not entitled to such notice because he withdrew his credit application and that, as a result, there was no credit application for it to act upon and it therefore did not, and could not, take any adverse action. Defendant also argues that it did not deny plaintiff

---

[1] 15 U.S.C. § 1691(d) states in relevant part:

> (1) Within thirty days (or such longer reasonable time as specified in regulations of the Bureau for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application.
>
> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by--
>
> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
>
> (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.
>
> \* \* \*
>
> (6) For purposes of this subsection, the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

credit. Plaintiff concedes that he did not purchase a vehicle from defendant, but he contends that defendant is nonetheless liable for having failed to provide him with written notice that it denied his request for credit.

The material facts are not genuinely disputed. Timothy Smith, the only Lasco salesperson who interacted with plaintiff, avers that plaintiff came to Lasco's sales lot on November 30, 2016, and expressed interest in a 2003 Ford F-150 pickup truck. Smith Aff. ¶ 4. Plaintiff and his wife completed a joint application for credit. *Id.* ¶ 7; Def.'s Ex. A-3. Defendant offered to finance the $6,999 purchase price over a 66-month term at $124.59 per month. Smith Aff. ¶ 5; Def.'s Ex. A-2. Plaintiff paid a $500 deposit. Smith Aff. ¶ 6; Def.'s Ex. A-2. The next day plaintiff told Smith "that he liked the truck and the payment, but he had some concerns with warning lights [and that] [h]e and his wife decided not to go through with the purchase and asked for a refund of the $500.00 deposit placed on the truck." Smith Aff. ¶ 8. Defendant refunded the deposit. *Id.* On December 6, plaintiff told Smith that "he was looking for a truck in better condition that could meet his and his wife's payment goals." *Id.* ¶ 9.[2] On December 9, plaintiff told Smith that he had purchased a truck elsewhere. *Id.* ¶ 10.

Plaintiff claims that defendant took adverse action within the meaning of the ECOA by requiring his wife to co-sign his application. He avers that he "completed a credit application," that "[t]he sales representative took my personal identifying information for the purpose of pulling my credit to assess my ability to attain financing," and that the sales representative then "told me

---

[2] Smith's notes from his December 1 and December 6 telephone calls with plaintiff indicate that plaintiff had "concerns with ABS and SES lights" and that he was "[l]ooking for a truck that's in a little bit better shape that can meet their payment goals." Def.'s Ex. A-1. Plaintiff concedes that this, and another truck Lasco showed him, were "unfit for their liking." Pl.'s Br. at 3.

that they would need my wife to be a joint applicant because my credit score was too low." Pl.'s Decl. ¶¶ 5, 6, 8. Plaintiff avers that defendant "refused to accept my application for a credit purchase of a vehicle on my own." *Id.* ¶ 10.

Plaintiff has not produced the credit application he says he completed in an effort to obtain credit without a co-signer. Defendant denies that plaintiff submitted any credit application other than the joint application attached to their motion as Ex. A-3. Given plaintiff's failure to produce the application – or any evidence that defendant checked his credit score alone[3] and then refused to proceed unless his wife co-signed – no reasonable jury could find that plaintiff "completed a credit application" just for himself, as he claims.

Even assuming plaintiff did initially submit an application solely on his own behalf, defendant plainly did not act on it adversely, as it counter-offered to provide credit on precisely the terms he had requested. Indeed, the only "term" plaintiff says he sought was "a monthly payment of $100-150," Pl.'s Decl. ¶ 4, and defendant offered a monthly payment of $124.59. Plaintiff decided not to accept this offer because, as Smith avers and as plaintiff concedes, he and his wife found the trucks defendant had shown them to be "unfit," not because he found the credit offer to be unsatisfactory. By demanding (and promptly obtaining) a refund of his deposit and purchasing a truck elsewhere, plaintiff abandoned his credit application and there was, at that point in time, no application for defendant to act upon. Moreover, defendant did not act "adversely" on the application because, as noted, it offered plaintiff credit on the term he requested before he and his wife walked away and took their business elsewhere.

---

[3] The only evidence that defendant checked plaintiff's credit score shows that defendant checked both plaintiff's and his wife's scores on November 20, 2016. *See* Def.'s Ex. B-5 and B-6.

Under these circumstances, no reasonable jury could find that defendant took adverse action on plaintiff's application for credit. Having not taken any adverse action, defendant was not required to give plaintiff any notice of adverse action. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that the remaining motions in this matter are denied as moot.

Dated: July 24, 2018  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 24, 2018.

s/Johnetta M. Curry-Williams  
Case Manager